18734. SAYLOR *et al. v.* SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY *et al.*

WYATT, Presiding Justice. J. P. Saylor and Ruby Saylor filed their petition against J. D. Vincent and Southern Bell Telephone & Telegraph Company, seeking injunction and damages. It was contended that defendant Vincent should be enjoined from using the trade name "East Point Cab Company," the trade name under which it was alleged that the petitioners had operated at intervals since 1945, at which time the trade name was registered under the provisions of Code § 106-301. The petitioners contended that the telephone company should be enjoined from allowing the defendant to use a telephone number listed under the name "East Point Cab Company," and damages were prayed against both defendants. It was alleged that there was pending in the court to which the petition was addressed a suit by J. I. Vincent against the petitioners, in which injunction and damages were sought against the petitioners and that the two suits should be consolidated. The two cases were consolidated. The exception here is to the ruling on certain special demurrers and to the judgment sustaining a general demurrer as to Southern Bell Telephone & Telegraph Company. *Held:*

1. Where, as in this case, the trial court sustained certain special demurrers and gave the plaintiffs fifteen days in which to amend and "reserved its ruling on the general demurrer pending the expiration of the period allowed for amendment," and thereafter sustained the general demurrer without same having been renewed, the judgment so rendered was not error. This is true for the reason the trial judge by express terms reserved his ruling on the general demurrer until the time had elapsed for amendment. Hence no renewal of the general demurrer was necessary. The fact that the two cases were consolidated, under the facts of this case, would not alter this situation.

2. The contention that the general demurrer of the telephone company

should have been overruled is without merit without regard to the rulings on the special demurrers. The petition simply alleged, in so far as the telephone company is concerned, that a number was assigned by the telephone company to J. I. Vincent under the name of "East Point Cab Company" at a time when he held a license from the City of East Point to operate a taxi business under that name, and when the Saylors held a license to operate a taxi business under another name. It was further alleged that, after the telephone number had been thus assigned, the Saylors claimed that Vincent was not entitled to use the name "East Point Cab Company," and requested the telephone company to change the listing and not to publish the number in the manner in which it had been contracted for, and this the telephone company refused to do. These facts simply set forth no cause of action for any relief against the telephone company. When it has been legally determined who is entitled to use the name "East Point Cab Company," the telephone company could then probably be called upon to change the listing of the telephone number to conform to whatever the legal findings might be, but certainly not before that time.

3. Since the ruling on the general demurrer was correct without reference to the special demurrers, it becomes unnecessary to pass upon the special demurrers. It follows that no error appears from the record.

*Judgment affirmed. All the Justices concur, except Mobley, J., who is disqualified.*

SUBMITTED SEPTEMBER 17, 1954—DECIDED OCTOBER 11, 1954.

*Phillips, Johnson & Williams*, for plaintiffs in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter, Scott Walters, Jr.*, contra.